LUCRETIA HARRIS, et. al., vs. MOSES WARREN, imp'd, &c.

An irregular judgment will be set aside, if motion is not made within one year, where it appears the irregularity is not merely technical, but a matter of substance.

*Motion by R. M. and M. I. Townsend, as attorneys for Moses Warren, and in their own behalf, as purchasers, to vacate a judgment as against Warren.*—Suit commenced on a promissory note against Moses Warren and others, September 21, 1842. Warren was endorser; venue Saratoga county; copy declaration and copy note attached was served on Warren on the 21st September, 1842. On the 8th October, 1842, Warren procured an order to extend his time to plead twenty days, and served same, together with a notice of retainer, by R. M. Townsend, his attorney, on B. F. Agan, plaintiff's attorney, same day, to wit, 8th October, 1842. On the 27th October, Warren's attorney served plaintiff's attorney with a plea duly verified, which was received by plaintiff's attorney, Agan, before Warren's time to plead had expired. Plaintiff's attorney noticed cause for trial 15th November, 1842, for first Monday of December following. The cause was then not tried; and plaintiff's attorney stipulated to try it at the December circuit, 1843. The cause was not then tried; and plaintiff's attorney again noticed it for trial for the June Circuit, 1844. The cause has never been tried. Warren died 6th February, 1845, and the cause was then pending and undetermined as against Warren. On the 22d April, 1843, R. M. and M. I. Townsend purchased of said Warren certain real estate in the county of Rensselaer, which was conveyed to them by deed from said Warren, for a valuable consideration, paid. On the 6th of March, 1845, Townsends first learned that plaintiffs' attorney had on the 11th October, 1842, entered a judgment in favor of the plaintiffs, against Warren and the other defendants, for $1036·45 damages and costs; and a transcript thereof, on the same day was filed in the Rensselaer county clerk's office, which became a lien upon the property purchased by Townsends.

The plaintiffs' alleged that the sale made by Warren to the Townsends was without any adequate consideration, and was intended to cover the property of Warren, and avoid the payment of the aforesaid judgment. One Chandler swears he informed Warren, about four weeks after the entry of the judgment and filing transcript, that the same was done.

TOWNSEND & HILL, *Coun. for mo.* R. M. & M. I. TOWNSEND, *in pro. per.* M. T. REYNOLDS, *Counsel opposed.* B. F. AGAN, *Plff's Atty.*

BRONSON, Chief Justice.—The plaintiffs entered an irregular judgment against Warren before his time for pleading had expired. Finding them-

selves in the wrong, the plaintiffs waived the judgment, and noticed the cause for trial several times; and it remained pending and undetermined when Warren died in February last. This irregular and abandoned judgment can not be allowed to stand, either against Warren, or those claiming under him, whether as heirs, devisees, or purchasers. The Townsends stand in the latter character. If Warren knew that a judgment had been entered, he knew also that it had been waived. This is not a mere technical irregularity, as to which a party must move within a year after judgment. The motion is founded on matter of substance. The plaintiffs have a judgment without the shadow of legal foundation to support it.

*Decision—Ordered,* That the judgment entered against the defendants in this cause, so far as relates to the defendant, Moses Warren, be vacated and set aside; so that the said judgment shall not affect any property held under said Warren.